**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JUAN R. ESCAMILLA,** | § | |
| **TDCJ No. 1256027,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| **NATHANIEL QUARTERMAN,** | § | **SA-07-CA-534 FB (NSN)** |
| **Texas Department of Criminal Justice** | § | |
| **Correctional Institutions Division Director,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**RECOMMENDING THE DISTRICT COURT SUMMARILY DISMISS**
**PETITIONER ESCAMILLA'S 28 U.S.C. § 2254 PETITION**

Juan R. Escamilla, an inmate in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a federal Petition for a Writ of Habeas Corpus by A Person in State Custody, pursuant to 28 U.S.C. § 2254 (docket entry no.1).  Petitioner Escamilla's instant habeas petition challenges his 2004 Bexar County conviction for aggravated sexual assault and indecency with a child.

Jurisdiction is noted pursuant to Title 28 U.S.C. § 2254.

As required by Rule 4 of the Rules Governing Section 2254 Cases, I have conducted a preliminary review of the petition.  Because petitioner Escamilla has failed to file this petition within the applicable one-year limitations period created by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), I recommend that his petition be summarily dismissed with prejudice as barred by limitations.

Dockets.Justia.com

### I. <u>Background</u>

Petitioner Escamilla, who is currently an inmate at the TDCJ's Pack One Unit in Navasota, Texas, signed and dated his instant federal habeas petition on June 1, 2007. (docket entry no. 1 at 9). Arguing, *inter alia*, that his plea was involuntary, he challenges his 2004 conviction for aggravated sexual assault and indecency of a child and twenty year sentence. *State v. Escamilla,* No. 2004-CR-1286 (379th Jud. Dist. Ct., Bexar County, Aug. 2, 2004).

Following Escamilla's plea of no contest to one count of aggravated sexual assault and one count of indecency with a child, a Bexar County judge sentenced Escamilla to a prison term of twenty years on August 2, 2004.  Petitioner Escamilla immediately appealed.  Via unpublished opinion, the Texas Fourth Court of Appeals finding no merit to the several issues he raised on appeal, affirmed his conviction and sentence.  *Escamilla v. Texas*, No. 04-04-0612-CR (Tex. App.– San Antonio, June 1, 2005).

On February 22, 2006, the Texas Court of Criminal Appeals dismissed petitioner Escamilla's petition for discretionary review as untimely filed. *Escamilla v. State*, PDR No. PD-1085-05 (Tex. Crim. App. Feb. 22, 2006).  Petitioner Escamilla admits he did not file petition for *writ of certiorari* with the United States Supreme Court (docket entry no. 1 at 3).

Because petitioner Escamilla failed to provide information regarding the date on which he filed his Article 11.07 state habeas application, I obtained the information from the convicting court, where petitioner initially filed his application pursuant to Texas habeas rules.  According to the Clerk of Court at the 379th Judicial District Court, petitioner Escamilla filed his Article 11.07 application for writ of habeas corpus on February 2, 2007.  Review of the Texas On Line Judiciary web site reveals that on March 28, 2007, the Texas Court of Criminal Appeals denied same without written

order on the trial court findings without a hearing. *Ex parte Escamilla*, Application No. WR-67,094-01 (Tex. Crim. App. March 28, 2007).

Petitioner Escamilla signed and dated his instant federal habeas petition on June 1, 2007.

## II. Analysis

The Timeliness of Petitioner Escamilla's § 2254 Habeas Petition

As noted above, petitioner Escamilla signed his federal habeas petition on June 1, 2007.

Title 28 U.S.C. § 2244(d)(1) imposes a one-year statute of limitations on state prisoner's filing habeas petitions, and the limitation period begins to runs from the *latest* of the following dates: the date on which judgment became final; the date on which a state-imposed, unconstitutional impediment to filing an application is removed; the date on which the constitutional right asserted was initially recognized by the Supreme Court; or the date on which the factual basis of the claim or claims could have been discovered through due diligence.[1] Section 2244(d)(2) excludes from the limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect the pertinent judgment or claim is pending." The limitation period became effective April 24, 1996, pursuant to the Anti-terrorism and Effective Death Penalty Act ("AEDPA") of 1996.[2]

---

[1]  Title 28 U.S.C. § 2244(d)(1) provides that the one-year limitation period shall run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[2]  Pub. L. No. 104-132, 110 Stat. 1214.

In the case *sub judice*, the latest date the limitations period could begin to run is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[3] The Texas Fourth Court of Appeals affirmed Escamilla's conviction on June 5, 2005. Because Rule 68.2 of the Texas Rules of Appellate Procedure, sets a thirty-day limit for filing a petition for discretionary review with the Texas Court of Criminal Appeals, Escamilla's § 2241(d) one-year limitations period began to run on, or about, July 1, 2005, giving Escamilla until July 1, 2006, to timely file his federal habeas petition. Petitioner Escamilla filed his federal habeas petition on June 1, 2007, approximately one year and one month after his federal limitations period had expired. Petitioner Escamilla's federal habeas petition is time-barred.

As previously noted, however, § 2244(d)(2) excludes from the limitations period "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect the pertinent judgment or claim is pending." In the instant case, neither petitioner's untimely PDR nor state habeas application affect Escamilla's limitations period.[4] Accordingly, there is no time to toll and Escamilla's federal habeas remains untimely filed.

I also find petitioner Escamilla's federal habeas petition is not entitled to equitable tolling. AEDPA's one-year limitation period[5] is equitably tolled where the government or state actively misled the petitioner about the case, or where something extraordinary prevented petitioner from asserting his rights.[6] Thus, in order to be entitled to equitable tolling, the petitioner must have

---

[3]  Title 28 U.S.C. § 2244(d)(1)(A) (West 2001).

[4]  *See Salinas v. Dretke*, 354 F.3d 425 n. 5 (5th Cir. 2004); and *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

[5]  *See Phillips v. Donnelly*, 216 F.3d 508, 510-511 (5th Cir. 2000).

[6]  *See generally Phillips v. Donnelly*, 216 F.3d 508, 510-511 (5th Cir. 2000); *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000); *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000).

diligently pursued his § 2254 remedies.  Here, Escamilla filed his federal habeas petition approximately thirteen months too late.  Because Escamilla's federal petition does not demonstrate that he diligently pursued his federal habeas remedies during the appropriate time period, or that the government actively misled him about his case, Escamilla's petition is not entitled to equitable tolling.

## III. Recommendation

For the reasons discussed above, it is my recommendation that petitioner Escamilla's Petition for a Writ of Habeas Corpus filed by a Person in State Custody pursuant to 28 U.S.C. § 2254 be **DISMISSED** with prejudice as untimely and barred by limitations.

### Instructions for Service and
### Notice of Right to Appeal/Object

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties either (1) by certified mail, return receipt requested, or (2) by facsimile or e-mail if authorization to do so is on file with the Clerk.

Pursuant to Title 28 U.S.C. §636(b)(1), and Rule 4(b) of the Local Rules for the Assignment of Duties to United States Magistrates, the parties are hereby notified that a party desiring to object to this report must file with the Clerk of this Court and serve the Magistrate Judge and all parties with written objections to the findings and recommendation included above within ten (10) days after being served with a copy of this Memorandum and Recommendation.[7]

A party's objections must specifically identify the findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general

---

[7]   *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

objections.[8]  A party's failure to file written objections to the proposed factual findings, legal conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court of those proposed factual findings, legal conclusions, and recommendations.[9]

Additionally, <u>failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within ten (10) days after being served with a copy, shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, unless the party validly alleges grounds of plain error.</u>[10]

**SIGNED on July 3, 2007.**

_____
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**

---

[8]  *See Battle v. U.S. Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

[9]  *See generally Thomas v. Arn*, 474 U.S. 140, 150-55, 106 S. Ct. 466, 472-75 (1985); 28 U.S.C. §636(b)(1).

[10]  *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000); and *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).